**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN A. DANIEL,

      Petitioner - Appellant,

v.

JUDY UPHOFF, Director, Wyoming
Department of Corrections, in her
official capacity; ATTORNEY
GENERAL FOR THE STATE OF
WYOMING,

      Respondents - Appellees.

No. 02-8075
D.C. No. 02-CV-6-B
(D. Wyoming)

**ORDER AND JUDGMENT***

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on John Daniel's *pro se* requests for a certificate of appealability ("COA") and for permission to proceed on appeal *in forma pauperis*. Daniel seeks a COA so that he can appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the petitioner first obtains a COA). We **grant** Daniel's request to proceed *in forma pauperis*. Because Daniel has not made "a substantial showing of the denial of a constitutional right," however, this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

The district court dismissed Daniel's § 2254 habeas petition without prejudice because Daniel had not yet exhausted his state court remedies. *See generally Rose v. Lundy*, 455 U.S. 509 (1992); 28 U.S.C. § 2254(b)(1). In so doing, the district court recognized that the exhaustion requirement may be excused where a state court appeals process is not effective. *See Harris v. Champion*, 15 F.3d 1538, 1546 (10th Cir. 1994). Although Daniel's direct appeal had been pending for several years, the district court concluded that much of the delay was occasioned by Daniel's own counsel. Furthermore, the district court noted that the appellate record was now complete, a briefing schedule had been set, and the Wyoming Supreme Court had clearly not abandoned the appeal. In

these circumstances, the district court concluded that all parties would benefit from requiring the compete exhaustion of Daniel's claims.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court has closely reviewed Daniel's brief on appeal and application for COA, the respondent's brief in opposition to the grant of a COA, the district court's order of dismissal, and the entire record on appeal. Our review demonstrates the district court's resolution of Daniel's § 2254 petition is not reasonably debatable. Accordingly, Daniel has not made "a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c). This court **GRANTS** Daniel's request to proceed *in forma pauperis*, **DENIES** his request for a COA for substantially those reasons set out in the

district court's order of dismissal dated July 23, 2002 and **DISMISSES** this

appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge